# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| ROOSEVELT WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:13-CV-813 JVB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Roosevelt Williams, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE 1.) In WCU # 12-04-0297, Williams was found guilty of a trafficking offense and sanctioned with the loss of earned time credits. (DE 10-2.) After he filed this petition, the Indiana Department of Correction ("IDOC") final reviewing authority decided to vacate the disciplinary conviction and remand the case for a new hearing. (DE 10-1.)

Based on the IDOC's action, the respondent moves to dismiss the petition as moot. (DE 10.) As the respondent points out, because the guilty finding was vacated, the petition has become moot. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prison disciplinary conviction can be challenged in a federal habeas proceeding only if it lengthened the duration of the petitioner's confinement)*; see also Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated.").

Williams has filed a response to the motion. (DE 11.) He asserts that a rehearing was held in April 2014, and he was again found guilty. He appears to complain that he is being required to serve additional time in disciplinary segregation as a result of the new guilty finding. However,

this is not a basis for keeping his habeas petition alive. Disciplinary segregation affects the "severity" rather than the "duration" of custody. *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001). As the U.S. Court of Appeals for the Seventh Circuit has explained, "More restrictive custody must be challenged under § 1983, in the uncommon circumstance when it can be challenged at all." *Id.*

Williams also argues that his double jeopardy rights were violated because he was tried again on the same charge, but this argument is unavailing. Double jeopardy principles do not apply in the prison disciplinary context. *See Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Accordingly, the petition will be dismissed. However, if Williams believes his due process rights were violated at the rehearing, he is free to file a new habeas petition challenging that hearing after exhausting his available administrative remedies.

For the reasons set forth above, the respondent's motion (DE 10) is **GRANTED**, and the petition (DE 1) is **DISMISSED**.

**SO ORDERED** on May 9, 2014.

 s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division